UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIRATH RAM, | No. 1:26-cv-01930-DJC-EFB |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | A# 290-284-561 |
| Respondent. | |

Petitioner Tirath Ram is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Count 3 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondent to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 3 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 15.) Respondent argues the present case is distinguishable because the Government terminated Petitioner's release and withdrew his request for a bond hearing. (ECF No. 21.)

1

This does not alter the outcome in this case.  Respondent may well be correct that detention in this case is warranted, and a post-deprivation hearing is certainly appropriate under the factual circumstances.  *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).  However, for the reasons stated in the Court's prior orders, due process requires that Petitioner have the opportunity to be heard regarding the change in his custody status.  Petitioner may have withdrawn his request for bond hearing, but the alleged basis for that decision, which Respondent does not contest, was the Immigration Judge's apparent statement that they lacked the authority to grant bond without federal habeas order.  This is consistent with numerous other cases before the Court where Immigration Judges have denied bond based on a purported lack of jurisdiction.  Given the statement by Immigration Judge asserted they lacked jurisdiction to consider bond, Petitioner's withdrawal of his request cannot be seen as a waiver of a bond hearing, and one is required by due process and statute.

Accordingly, as Respondents have not identified any material factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 3, for the reasons stated in those prior orders.[1]

Within five (5) days of this Order, Respondents shall afford Petitioner Tirath Ram a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

////

////

////

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE